# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CV-00973-PMP |
| Plaintiff, | 2:10-CR-00480-PMP-GWF |
| vs. | **ORDER** |
| SION DAVID WALSH, | |
| Defendant. | |

      Before the Court for consideration is Defendant Sion Walsh's fully briefed Motion pursuant to 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #95). The Court conducted an evidentiary hearing regarding Defendant's Motion on November 5, 2012, and the Parties thereafter filed Supplemental Briefs (Docs. #113 & #114). For the reasons set forth in the Government's Opposition (Doc. #114) filed December 13, 2012, the Court finds that Defendant Walsh's Motion (Doc. #95) must be denied.

      On February 10, 2011, following a three-day jury trial at which both the alleged victim and Defendant Walsh testified, Defendant Walsh was convicted of Assault Resulting in Serious Bodily Injury charged in Count Two of the Indictment. A mistrial was declared with respect to the charge of Assault with a Dangerous Weapon set forth in Count One of the Indictment upon which the jury had failed to reach unanimous verdict. On May 12, 2011, and after canvassing Defendant Walsh

in open court, the Court approved the Stipulation of the Parties (Doc. #66) dismissing Count One of the Indictment with Prejudice and confirming Defendant Walsh's Waiver of Appeal as to his conviction on Count Two. Thirteen months later, Defendant Walsh initiated the instant § 2255 proceedings by his motion alleging ineffective assistance of trial counsel. After considering the testimony and evidence adduced at the hearing conducted November 5, 2012, and the arguments of counsel presented at the hearing and on the papers, the Court finds that Defendant Walsh has failed to demonstrate that the conduct of his trial counsel fell below an objective standard of reasonableness, and that his trial counsel's performance was deficient in a manner which prejudiced Defendant Walsh, as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

In its Response (Doc. #114) filed December 13, 2012, the Government well captures the deficiencies in Walsh's ineffective assistance of counsel claim. In sum, Walsh cites strategic trial decisions made by he and his counsel with which Walsh now disagrees. The Court finds, however, that the strategic decisions of Walsh's trial counsel were well within the range of professional reasonableness, and the argument that a different approach might have cast doubt on elements of the victim's trial testimony, or the believability of Defendant's trial testimony, do not provide a basis for relief under *Strickland*. Neither does the Court find cognizable deficiency in the performance of Walsh's trial counsel in connection with the stipulation to waive direct appeal as to Count Two in return for securing dismissal of the charge set forth in Count One of the Indictment.

Finally, even were Defendant Walsh able "the deficiency" prong under *Strickland*, the record simply does not establish cognizable prejudice or fundamental unfairness undermining confidence in the jury verdict as to Count Two.

**IT IS THEREFORE ORDERED** that Defendant Walsh's Motion pursuant to 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #95) is **DENIED**.

DATED: January 2, 2013.

PHILIP M. PRO
United States District Judge